UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLEEN HOTH, | No. 2:13-cv-2224 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees in the amount of $7,644.39. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of fees claimed is unreasonable.[1] In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.[2]

---

[1] As discussed below, the court finds that the government's position was substantially justified and that no award of fees will be made. The court notes, however, that defendant's contention with respect to the unreasonableness of the fees is well taken in that the majority of plaintiff's arguments were rejected by the court as unmeritorious.

[2] Defendant's contention on this point is well taken under Astrue v. Ratliff, 560 U.S. 586, 591 (2010).

1

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four for further development of the record pursuant to the order of the court on cross-motions for summary judgment. See ECF No. 18. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified. In this case, at the administrative level, the Commissioner reasonably relied on the representations of plaintiff's attorney that the record was complete and that the missing medical records covered a period which was not under adjudication. Although this court concluded that the records concern

treatment during the alleged onset of plaintiff's disability and were therefore relevant to the ultimate determination of disablity, the ALJ reasonably relied on the applicant's attorney to supply the relevant records,[3] advised plaintiff and her counsel to submit any additional evidence they deemed relevant and to contact the agency if they needed help in securing the records.  In addition, the court remanded the matter for a consultative examination by a board certified rheumatologist for evaluation of plaintiff's fibromyalgia, an issue which was not even raised by plaintiff and therefore not contested by defendant.  With respect to the other claims raised by plaintiff, as noted above, the court found unmeritorious plaintiff's claims regarding plaintiff's credibility and the weight accorded Dr. Fisher's opinion.[4]  Because the court addressed and resolved all other issues raised by plaintiff in the petition appealing defendant's denial of benefits, there is no other basis for an award of EAJA fees in this case.  <u>Flores v Shalala</u>, 49 F.3d 562, 566 n.5 (9th Cir. 1995).

      For the foregoing reasons, the court finds the position of the government was substantially justified and that no award of attorneys' fees should be made under 28 U.S.C. § 2412(d)(1).

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorneys' fees under 28 U.S.C. § 2412(d)(1) (ECF No. 20) is denied.

Dated:  February 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 hoth.eaja.den

---

[3] The records which plaintiff now claims were essential for a proper evaluation of her disability claim were omitted from the written statement submitted by plaintiff's counsel.

[4] Although not expressly addressed in the order on the cross-motions for summary judgment, plaintiff's argument with respect to an incomplete hypothetical posed to the vocational expert is unavailing because the court found that Dr. Fisher's limitations, on which plaintiff's argument rests, were properly rejected by the ALJ.