UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLEEN HOTH,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | No. 2:13-cv-2224 CKD<br><br>ORDER |

By mandate of the United States Court of Appeals for the Ninth Circuit, this matter was reversed and remanded. ECF No. 34. The appellate court concluded that defendant's position was not substantially justified and that plaintiff was entitled to EAJA attorney's fees. ECF No. 28. The matter was remanded for calculation of the fees to which plaintiff is entitled under EAJA.

Plaintiff seeks fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), in the amount of $7,644.39 for services representing plaintiff before the United States District Court.[1] Defendant contends that the amount of fees claimed is not reasonable in that plaintiff

---

[1] Plaintiff's fee motion does not encompass work performed on appeal. The present order addresses only plaintiff's previously filed motion. Plaintiff has filed a separate motion for EAJA fees incurred in connection with the appeal. ECF No. 32. After that motion has been fully briefed, a separate order will issue thereon.

1

should not be compensated for work performed on issues on which plaintiff did not prevail. Specifically defendant argues that of 21 hours expended on plaintiff's motion for summary judgment and reply, plaintiff should be compensated for only 2.8 hours because only two pages of the fifteen pages of briefing addressed the one issue on which plaintiff prevailed.[2] In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). The court has reviewed the briefing before the District Court and concludes that the work performed on issues on which plaintiff did not prevail was reasonably expended. Although plaintiff did not ultimately prevail on the arguments pertaining to credibility and the ALJ's partial rejection of a treating physician's opinion, review of the record demonstrates that plaintiff had a complex medical history and the hours spent by counsel on these issues was reasonably expended. The briefing was thorough and the court finds no basis for a blanket 13/15 reduction for time spent on the briefing as suggested by defendant. With respect to plaintiff's counsel's time expended on other tasks as set forth in counsel's schedule of hours, the court has determined the hours claimed are reasonable. No reduction will therefore be made. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010).

Accordingly, IT IS HEREBY ORDERED that:

1. Opposition, if any, to plaintiff's EAJA motion for fees incurred in connection with the appeal (ECF No. 32) shall be filed no later than June 5, 2017. Reply, if any shall be filed no later than June 19, 2017.

/////

/////

---

[2] Defendant also argues that the court filing fee of $400.00 is not a compensable expense under the EAJA. The filing fee has been separately taxed. ECF No. 27. The amount initially requested by plaintiff on the EAJA motion included the filing fee (see ECF No. 20-3 at p. 1); the amount of fees awarded here will accordingly be reduced by that amount.

2

2. Fees incurred in connection with representation of plaintiff at the District Court pursuant to the EAJA are awarded to plaintiff in the amount of $7,244.39.

Dated: May 10, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 hoth2224.ss.rem.eaja

3